The Honorable Mark L. Pryor State Representative 2200 Worthen Bank Building 200 West Capitol Avenue Little Rock, Arkansas 72201
Dear Representative Pryor:
This is in response to your request for an opinion concerning the relation between A.C.A. § 27-14-801 et seq. and A.C.A. §18-45-201. The former subchapter provides for the filing with the Department of Finance and Administration ("DFA"), of liens and encumbrances upon vehicles, and the latter grants repairmen and mechanics, along with other persons, liens on certain types of vehicles which they repair.
You note that from your reading of A.C.A. § 27-14-801, it seems very plain that no lien (including a mechanic's lien when the vehicle is not in the mechanic's possession) is valid against a bona fide purchaser or another lienholder unless the terms of that statute are satisfied.
The problem, you note, is that DFA is refusing to accept valid certified copies of liens, presumably from mechanics, who seek to have their interest filed of record to guard it against bona fide purchasers and other lienholders. You have asked for my opinion on the subject, particularly whether DFA can deny a valid lien to be placed in the filing system.
It is my opinion that DFA probably does have the authority to refuse to accept such filings as in most instances the filings of liens by mechanics with DFA will not satisfy the requirements of A.C.A. § 27-14-801 et seq. That is, even if DFA accepted for filing the actual document evidencing the lien of the mechanic, the filing of this document alone will not give a mechanic any type of "perfection" under A.C.A. § 27-14-801 et seq.
Some explanation is necessary. The requirements of A.C.A. §27-14-801 et seq., are set out very cogently in UnionNational Bank v. Hooper, 295 Ark. 83, 746 S.W.2d 550 (1988). The court in that case detailed three alternatives for filing under that subchapter. The first is found at A.C.A. § 27-14-802(a), and requires both the filing of a certified copy of the instrument creating and evidencing the lien and the vehicle's last certificate of title. The second is found at A.C.A. §27-14-802(c) and requires both the filing of a certified copy of the instrument creating and evidencing the lien and an application by the owner for registration and certificate of title. The third is found at A.C.A. § 27-14-806 and requires the filing of a certified copy of the document creating and evidencing the lien and the recording of the lien on the manufacturer statement of origin or the certificate of title.
While it is entirely possible for a mechanic who has repaired a vehicle and not been paid to file his lien document with DFA, he, as a practical matter, does not have access to the certificate of title, or the manufacturer's statement of origin so as to fulfill the second requirement of each of the three alternatives for filing under A.C.A. § 27-14-801 et seq. Even if DFA were to allow him to file his lien instrument, it would not result in any type of compliance with the subchapter unless he can meet the additional requirement regarding the certificate of title or manufacturer's statement of origin. If he does have access necessary to fulfill this additional requirement, then DFA should accept the filing, although it is arguable whether this filing is necessary for the protection of mechanics' liens.
As you have noted, the language of A.C.A. § 27-14-801 is very broad, and states that ". . . no lien or encumbrance . . . other than a lien dependent upon possession, is valid as against the creditors of an owner acquiring a lien . . . or subsequent purchasers . . . until the requirements of this subchapter have been complied with." This language is broad enough to encompass mechanics' liens, which are not always dependent upon possession, (see A.C.A. § 18-45-206), but it is arguable whether the legislature intended to include mechanics' liens in § 27-14-801et seq. when mechanics' in most instances, as a practical matter, do not have the means to comply with its provisions. The area is one which could benefit from legislative clarification or judicial review.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb